**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ignacio Esteban Rimer,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>                    Respondents. | No. CV-14-01930-TUC-RCC (BGM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Petitioner Ignacio Esteban Rimer's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). Respondents have filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 16). Petitioner did not file a Reply. The Petition is ripe for adjudication.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition (Doc. 1).

---

[1] Rules of Practice of the United States District Court for the District of Arizona.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Arizona Court of Appeal stated the facts[2] as follows:

> At trial, the state presented evidence that Rimer and his half-brother, codefendant Howard McMonigal, conducted an on-going methamphetamine and stolen-property business out of McMonigal's residence.  The two utilized a number of women to assist in conducting the business, and when they did not perform as ordered, the women were punished in various ways, including rape.  After their arrest, Rimer and McMonigal were charged with illegally conducting an enterprise as well as various counts of kidnapping, sexual assault, and aggravated assault.

Answer (Doc. 16), Ariz. Ct. of Appeals, Memorandum Decision 1/7/2011 (Exh. "A") at 1–2.

> The Arizona Court of Appeal further noted:

> After a jury trial, appellant Ignacio Rimer was convicted of one count of illegally conducting an enterprise, one count of kidnapping, one count of sexual assault, and one count of aggravated assault.  The trial court sentenced him to a combination of concurrent and consecutive prison terms totaling 23.75 years.

*Id.* at 1–2.

### A.  Direct Appeal

On April 1, 2010, Petitioner filed his Opening Brief with the Arizona Court of Appeals.  Answer (Doc. 16), Appellant's Opening Br. 4/1/2010 (Exh. "B").  Petitioner presented the issues on appeal as follows:

> (1)  Whether the court committed reversible error in denying Appellant's Motion to Sever/Motion to Disqualify.

---

[2] As these state court findings are entitled to a presumption of correctness and Petitioner has failed to show by clear and convincing evidence that the findings are erroneous, the Court hereby adopts these factual findings.  28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007); *Wainwright v. Witt*, 469 U.S. 412, 426, 105 S.Ct. 844, 853, 83 L.Ed.2d 841 (1985); *Cf. Rose v. Lundy*, 455 U.S. 509, 519, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).

(2)  Whether the evidence was insufficient to sustain a guilty verdict as to Count One.

(3)  Whether the court committed reversible error in denying Appellant's Motion for New Trial.

*Id.*, Exh. "B" at 39.

### 1. Motion to Sever/Motion to Disqualify

Relying on the Arizona Rules of Criminal Procedure and Arizona state law, Petitioner argued that because "an allegation that [M.K. and W.H.] were co-conspirators on some counts and that [M.K.] was a victim in other counts [made the relationship between the alleged victim and the prosecutor] so severe as to deprive Appellant of fundamental fairness in a manner shocking to the universal sense of justice."  Answer (Doc. 16), Appellant's Opening Br. 4/1/2010 (Exh. "B") at 44.  In light of this, Petitioner further asserted that disqualification of the Pima County Attorney's Office was required. *Id.*

Petitioner also argued that "telephone calls from [Petitioner's co-defendant] McMonigal in which he made incriminating statements about Appellant and otherwise linked Appellant to McMonigal's alleged efforts to tamper with witnesses . . . deprived Appellant of his right to confront and cross-examine."  *Id.*, Exh. "B" at 45.  Petitioner asserted that "[e]vidence for the charges in which McMonigal was charged alone clearly spilled over onto the charges involving [M.K.] because the types of criminal activity and modus operandi was repeated over and over by each of the female witnesses . . . ma[king] it more believable that the offenses occurred as [M.K.] described them when the jury had already heard testimony of [J.F.], [W.H.], and [L.K.]."  *Id.*  Petitioner further asserted that

"[n]one of these witnesses would have testified against Appellant had he been on trial alone for the offenses involving [M.K.]".  Petitioner also alleged that "counsel for the co-defendant raised certain matters which resulted in the admission of evidence that would not otherwise have been admitted."  *Id.*, Exh. "B" at 46.  Finally, Petitioner asserted that witness L.K. and his co-defendant McMonigal winked and exchanged smiles during L.K.'s testimony which occurred to his detriment.  Answer (Doc. 16), Exh. "B" at 46–47.

## 2.  Insufficient Evidence as to Count One

Petitioner also alleged that although "[t]he evidence of guilt as to all chargers was overwhelming with respect to Howard McMonigal[,] . . . there was very little evidence to establish Appellant's guilt as to any of the charges related to him."  Answer (Doc. 16), Exh. "B" at 48.  Petitioner argued that "for the vast majority of the time that Howard McMonigal was conducting his illegal enterprise, Appellant wasn't there."  *Id.*, Exh. "B" at 49.  Petitioner asserted that DNA on the handle of a gun found in one of the stolen vehicles on McMonigal's property was linked to Petitioner, but not conclusively.  *Id.*, Exh. "B" at 50.  Petitioner argued that "[t]his paltry bit of evidence [was] entirely insufficient to connect Appellant with the criminal enterprise conducted by his half-brother Howard McMonigal[,] . . . [and] the rub-off effect of McMonigal's extensive criminal activity and the fact that Appellant was related to him by blood no doubt resulted in the jury's conviction."  *Id.*  Petitioner's claims were based on Arizona state law.  *Id.*, Exh. "B" at 47–50.

## 3.  Denial of Motion for New Trial

Petitioner asserted that "the prosecutor argued facts not in evidence as it related to

the barred window."   Answer (Doc. 16), Exh. "B" at 55.   Petitioner argued that the

prosecutor "waited until his rebuttal closing argument to present his *expert* opinion that

the photographs showed tampering."   *Id.*, Exh. "B" at 56 (emphasis in original).

Petitioner further argued that the prosecutor's "conclusions about the bars went far

beyond a 'reasonable inference.'"   *Id.*, Exh. "B" at 56–57.   As such, Petitioner asserted

that "[b]ecause Appellant was denied his constitutional right to a fair trial by virtue of

prosecutorial misconduct[,]" he was entitled to a new trial.   *Id.*, Exh. "B" at 58.   Although

Petitioner made passing reference to his right to due process and a fair trial, he relied

solely on state law in his argument.   *See id.*, Exh. "B" at 54–58.

### 4.  Court of Appeals Decision and Subsequent Review

On January 7, 2011, the Arizona Court of Appeals affirmed Petitioner's

convictions and sentences.   Answer (Doc. 16), Ariz. Ct. App. Memorandum Decision

1/7/2011 (Exh. "A").   The court of appeals held that Petitioner "ha[d] failed to offer any

apposite or persuasive authority demonstrating the trial court abused its discretion in

denying his motion to disqualify the county attorney's office from prosecuting his case

based on W.H.'s and M.K.'s status as both victims and co-conspirators." *Id.*, Exh. "A" at

3.   The court further noted that "[n]either the statutes granting rights to victims nor the

cases upon which Rimer relies support his position and, to the extent they are applicable

here, they instead inform a contrary conclusion."   *Id.*   The court also recognized that "the

trial court instructed the jury to consider the evidence as to the charges against each

defendant separately."   *Id.*, Exh. "A" at 7.   As such, the court further held that "Because

the jury was so instructed, it 'is presumed to have considered the evidence against each

defendant separately in finding both guilty[,]' . . . and Rimer has failed to demonstrate the court abused its discretion in denying his motion to sever his trial from McMonigal's." *Id*., Exh. "A" at 7 (citing *State v. Murray*, 184 Ariz. 9, 25, 906 P.2d 542, 558 (1995)). The appellate court also noted that Petitioner waived his argument regarding severance of Count One by failing to renew his motion to sever during trial.  Answer (Doc. 16), Ariz. Ct. App. Memorandum Decision 1/7/2011 (Exh. "A") at 5 n.2.  The appellate further found Petitioner waived his argument regarding the introduction of telephone calls made by McMonigal depriving Petitioner of his right to confront and cross-examine because he failed to cite the record supporting such an argument or develop it adequately on appeal. *Id.*, Exh. "A" at 6 n.3.  Regarding sufficiency of the evidence, the court of appeals held that "[t]he record reflects that substantial evidence was presented at trial to support Rimer's conviction."  *Id.*, Exh. "A" at 8.  This holding applied to all of the counts for which Petitioner was found guilty, including illegally conducting an enterprise.  *Id.*, Exh. "A" at 8–10.  Finally, the court of appeals found that "by failing to object at trial and instead of raising th[e] issue [of the prosecutor arguing facts not in evidence] . . . for the first time in a motion for a new trial, Rimer ha[d] waived this issue for all but fundamental error."  *Id.*, Exh. "A" at 10.  As such, the court held that "because Rimer ha[d] failed to argue that the alleged error here was fundamental, and because we find no error that can be so characterized, the argument is waived."  Answer (Doc. 16), Ariz. Ct. App. Memorandum Decision 1/7/2011 (Exh. "A") at 11.  The appellate court relied only on state court law and procedural rules throughout its decision.  *See* Answer (Doc. 16), Exh. "A."

Petitioner did not seek review with the Arizona Supreme Court.

### B. First Post-Conviction Relief Proceeding

On January 21, 2011, Petitioner filed his Notice of Post-Conviction Relief ("PCR").  Answer (Doc. 16), Not. of PCR 1/21/2011 (Exh. "E").  On June 8, 2011, counsel for Petitioner filed a Rule 32 Montgomery Notice; Motion for Extension of Time to File *pro se* Brief; Motion to Withdraw.  *See* Answer (Doc. 16), Rule 32 Montgomery Notice (Exh. "F").  Pursuant to *Montgomery v. Sheldon (I),*[3] counsel stated that there were no issues to appropriate for Rule 32 relief.[4]  *Id.*, Exh. "F" at 1.  On November 14, 2011, Petitioner filed his *pro se* Petition for Post-Conviction Relief.  *See* Answer (Doc. 16), Pet.'s *pro se* Pet. for PCR (Exh. "G").  By checking the boxes, Petitioner broadly asserted the following grounds for relief: 1) "[t]he denial of the constitutional right to representation by a competent lawyer at ever critical stage of the proceeding"; 2) "[t]he unconstitutional use by the state of perjured testimony"; 3) "[t]he abridgement of any other right guaranteed by the constitution or the laws of this state, or the constitution of the United States, including a right that was not recognized as existing at the time of the trial if retrospective application of that right is required"; and 4) "[t]he lack of jurisdiction

----

[3] *Montgomery v. Sheldon (I)*, 181 Ariz. 256, 889 P.2d 614 (1995).

[4] The Arizona Supreme Court has held that in Rule 32 proceedings, where counsel concludes that the proceeding has no merit, "a pleading defendant has a right under Ariz. Const. art. 2 § 24 to file a *pro se* PCR petition."  *Montgomery (I)*, 181 Ariz. at 260, 889 P.2d at 618.  Subsequently, the Arizona Supreme Court affirmed this rule and reiterated that:

> If, after conscientiously searching the record for error, appointed counsel in a PCR proceeding finds no tenable issue and cannot proceed, the defendant is entitled to file a pro se PCR.

*State v. Smith*, 184 Ariz. 456, 459, 910 P.2d 1, 4 (1996).

of the court which entered the conviction or sentence." *Id.*, Exh. "G" at 2.

Petitioner first alleged that his constitutional rights were abridged, because he was not informed of the nature of the charges against him. *Id.*, Exh. "G" at 7.[5] Petitioner asserted that "the State argued, and presented, alleged evidence of conspiracy as defined in A.R.S. § 13-1003, and not the elements of racketeering pursuant to § 13-2312, and thus violated Mr. Rimer's right to be notified of the nature and cause of the accusations." *Id.*, Exh. "G" at 10–12 (citing *State v. Neese*, 126 Ariz. 499, 504, 616 P.2d 959, 964 (Ct. App. 1980)). Petitioner states that he was "charged, along with Howard Ned McMonigal, III with the Arizona RICO statute in violation of A.R.S. §13-2312 in Count One." *Id.*, Exh. "G" at 8. Petitioner goes on to assert that through the jury instruction regarding this count, "the judge took away the basic elements that must be proven to sustain the conviction under A.R.S. §13-2312(B)." *Id.*, Exh. "G" at 9. Petitioner also argued that "[t]he state [sic] cannot circumvent the basic rules of law that requires [sic] the state to prove every element of every alleged offense 'beyond a reasonable doubt.'" Answer (Doc. 16), Exh. "G" at 10 (citing *State v. Portillo*, 182 Ariz. 592, 898 P.2d 970 (1995). Petitioner asserted that "[a]bsent these essential elements a conviction cannot stand and due process has been violated[,] [a]s it is required that a predicate felony conviction of racketeering be proven as to each defendant, the record is absent any prior racketeering conviction as to each named individual within Count One." *Id.*, Exh. "G" at 10.

---

[5] Because Exhibit "G" was inconsistently hand numbered when Petitioner originally drafted it, the Court relies on the CM/ECF docket page numbers for its pinpoint citations within this exhibit.

Petitioner noted that his trial counsel "joined in the argument of Mr. Rimer's co-defendant Mr. McMonigal's defense attorney . . . that all of the other counts within the charging indictment are insufficient to prove any predicate felony convictions of racketeering." *Id.*, Exh. "G" at 7.  Petitioner further argued that "[t]he state [sic] did not prove the existance [sic] of an enterprise nor able to provide any evidence of a decision-making structure, and organized structure designed to maintain the purported enterprise[;] [t]he state [sic] presented conclusory allegations that a RICO enterprise existed."  *Id.*, Exh. "G" at 15.

Petitioner also alleged that M.K. "committed unsworn falsification in the pretrial context, and perjury during her trial testimony."  *Id.*, Exh. "G" at 18.  After a review of M.K.'s statements, Petitioner asserted that "[w]ithin this case at bar, [M.K.] committed perjury and unsworn falsification by stating that the alleged crimes committed against her by Ignacio Rimer actually took place."  *Id.*, Exh. "G" at 21.  Petitioner further asserted that "[t]hese perjurious statements prejudiced Mr. Rimer and violated the 6th Amendment U.S. Const., Ariz. Const. Art. 2 § 24, respectively, and the constitutional safeguards to the right of due process."  Answer (Doc. 16), Exh. "G" at 22.

Petitioner also alleged that "trial counsel . . . was so ineffective that it prejudiced Mr. Rimer."  *Id.*, Exh. "G" at 24.  Petitioner alleged that trial counsel "failed to adequately research the Arizona RICO statute (A.R.S. § 13-2312) for the basic understanding in dealing with this alleged offense to provide a meaningful defense."  *Id.*, Exh. "G" at 25.  Petitioner speculated that "[i]f proper representation had been provided to Mr. Rimer . . . then a conviction would not have been rendered."  *Id.*, Exh. "G" at 25.

Petitioner asserted that "[d]ue to this incompetence and lack of skill worth total disregard to Mr. Rimer's constitutional rights, [trial counsel] created such prejudice to Mr. Rimer that a conviction was a formality[,] [i]f proper care had been given the proceedings would have been different."  *Id.*, Exh. "G" at 26.  Additionally, Petitioner argued that trial counsel "allowed the prosecution to preclude the medically diagnosed health problem [of erectile dysfunction] that Mr. Rimer suffers."  Answer (Doc. 16), Exh. "G" at 26. Petitioner urged that "[t]he failure of [trial counsel] to adequately admit, and present this alibi defense, violated due process and the 6th & 14th Amendments of the constitution; Ariz. Const. Art. 2 § 24."  *Id.*

Petitioner alleged that appellate counsel was ineffective for failing "to adequately review the voluminous appeal file, and present a cogent legal brief."  *Id.*, Exh. "G" at 27. Petitioner further alleged that appellate counsel "failed to raise any material issue that may have been raised within the direct appeal process."  *Id.*  Similarly, Petitioner asserted that his Rule 32 counsel "fail[ed] to adequately review the voluminous amount of appeals file, [and] . . . failed to diligently provide competent legal representation to Mr. Rimer within the[] Rule 32 proceedings."  *Id.*

On November 17, 2011, the Rule 32 court issued its Ruling.  *See* Answer (Doc. 16), Ariz. Superior Ct., Pima County, Ruling—In Chambers Ruling Re: Motion for Reconsideration Re: Request for Extension of Time and Rule 32 Petition for Post-Conviction Relief Filed November 14, 2011 11/17/2011 (Exh. "H").  The Rule 32 court stated that it had twice granted Petitioner's requests for additional time to file his PCR petition, but denied his third request.  Answer (Doc. 16), Exh. "H" at 1.  The Rule 32

court denied Petitioner's request for reconsideration of its denial.  *Id.*, Exh. "H" at 1–2.

The Rule 32 court further noted that "[d]espite having filed the motion for reconsideration, Petitioner filed a petition for post-conviction relief on November 14, 2011."  *Id.*, Exh. "H" at 2.  The Rule 32 court stated that it "ha[d] reviewed the petition and f[ound] no colorable claim for relief."  *Id.*  As such, the petition was summarily dismissed.  *Id.*

On December 8, 2011, Petitioner filed his Petition for Review in the Arizona Court of Appeals.  *See* Answer (Doc. 16), Pet. for Review 12/8/2011 (Exh. "I").  Petitioner asserted six (6) grounds for relief:  1) "[d]oes the ruling rendered within *Baines v. Superior Court County of Pima*, 142 Ariz. 145, 688 P.2d 1037 (1984), apply within the petitioner's immediate case"; 2) "[d]id the state prove every element of the RICO charge that constitutes a valid conviction of Mr. Rimer, pursuant to the mandate given within *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068 (1970)"; 3) "[d]id the final jury instructions that pertained to the Arizona RICO statute properly state the law"; 4) "[d] the state give adequate notice to the defendant when it charged Mr. Rimer with the Arizona RICO statute"; 5) "[w]as trial counsel ineffective"; and 6) "[d]id the prosecutrix give perjured material testimony at trial[.]"  *Id.*, Exh. "I" at 2–11.  On March 12, 2012, the Arizona Court of Appeals granted review, but denied relief.  Answer (Doc. 16), Ariz. Ct. App. Mem. Decision 3/12/2012 (Exh. "J").  The court of appeals noted "[o]n review, Rimer repeats his arguments that the state failed to prove beyond a reasonable doubt all the required elements of the charge of illegally conducting an enterprise and that his convictions were based on perjured testimony."  *Id.*, Exh. "J" at 3.  The appellate court

determined that "[t]hese claims could have been raised in Rimer's direct appeal." *Id.*, Exh. "J" at 3. As such, the appellate court held that "he is precluded from raising them in a petition for post-conviction relief and the trial court did not err in summarily dismissing them." *Id.*, Exh. "J" at 3 (citing Ariz. R. Crim. P. 32.2.(a)(3)).

The appellate court acknowledged Petitioner's claim "that trial counsel had been ineffective by agreeing to a jury instruction that, he asserts, misstated the elements of illegally conducting an enterprise and in failing to adequately investigate and raise the issue of perjured testimony." *Id.*, Exh. "J" at 3. The court went on to analyze Petitioner's claim regarding the jury instruction, and determined that "[t]he jury instructions regarding illegally conducting an enterprise, read as a whole, are consistent with *Baines* and are legally correct." *Id.*, Exh. "J" at 4 (citing A.R.S. §§ 13-2301(D)(4); 13-2312(B); *State v. Prince*, 226 Ariz. 516, ¶ 77, 250 P.3d 1145, 1165 (2011)). As such, the appellate court held that "Rimer ha[d] identified no reasonable basis for his trial counsel to have objected to the jury instructions and his claim of ineffective assistance of counsel on this basis necessarily fail[ed]." Answer (Doc. 16), Exh. "J" at 4. The appellate court further held that "Rimer's claim of ineffective assistance of counsel grounded in alleged perjury also fails." *Id.* The appellate court found Petitioner's "unsupported assertion" regarding trial counsel's alleged failure to "adequately 'expose this perjurious testimony'" was "insufficient to establish a colorable claim of ineffective assistance of counsel." *Id.*, Exh. "J" at 5 (citing *State v. Meeker*, 143 Ariz. 256, 264, 693 P.2d 911, 919 (1984); Ariz. R. Crim. P. 32.9(c)(1); *State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995)). The appellate court held that "the trial court did not abuse its discretion in summarily

1

dismissing Rimer's petition for post-conviction relief." *Id.*, Exh. "J" at 5.

2

3

On August 1, 2012, the Arizona Supreme Court denied review without comment.

4

Answer (Doc. 16), Ariz. Supreme Ct. ME 8/1/2012 (Exh. "K"); *see also* Answer (Doc.

5

16), Ariz. Ct. App. Mandate 10/30/2012 (Exh. "L").

6

### C. Second Post-Conviction Relief Proceeding

7

8

On September 7, 2012, Petitioner filed his second Notice of Post-Conviction

9

Relief ("PCR").   Answer (Doc. 16), Not. of PCR 9/7/2012 (Exh. "M").   Included with

10

this second notice were arguments for PCR.   *See id.*   Petitioner alleged "[i]neffective

11

12

assistance of appellate counsel, re judicial bias, whereby, appellate counsel provide[d]

13

ineffective assistance by failing to investigate and raise due process, equal protection, and

14

fair trial issues[.]"   *Id.*, Exh. "M" at 5.   Petitioner took issue with the trial court's

15

evidentiary rulings, as well as the final jury instructions.   *Id.*, Exh. "M" at 6–10.

16

17

Petitioner further alleged that testimony of witnesses describing him in handcuffs tainted

18

the jury.   *Id.*, Exh. "M" at 10.   The Rule 32 court found that "Petitioner's claims [were]

19

20

all precluded under Rule 32.2., Ariz. R. Crim. P."   Answer (Doc. 16), Ariz. Superior Ct.,

21

Pima County, Ruling—In Chambers Ruling Re: Not. of Post-Conviction Relief

22

9/19/2012 (Exh. "N") at 2.   Accordingly, the Rule 32 court held that "Petitioner having

23

24

failed to raise a colorable claim, his notice of post-conviction relief is hereby dismissed."

25

*Id.*, Exh. "N" at 3.

26

On October 4, 2012, Petitioner filed a Successive Petitioner for Post-Conviction

27

Relief.   Answer (Doc. 16), Pet.'s Successive Pet. for PCR (Exh. "O").   Consistent with

28

his Notice, Petitioner raised an ineffective assistance of appellate counsel claim regarding

her alleged failure to investigate: 1) judicial bias; and 2) the revealing of felony and custody status to the jury. *Id.*, Exh. "O" at 5. On October 5, 2012, the Rule 32 Court found that Petitioner's claims of "ineffective assistance of appellate counsel, erroneous evidentiary rulings made at trial, error in giving a standard jury instruction, and that the trial court was based against him . . . were raised in Petitioner's Notice of Post-Conviction Relief[.]" Answer (Doc. 16), Ariz. Superior Ct., Pima County, Ruling—In Chambers Ruling Re: Petitioner [sic] for Post-Conviction Relief 10/5/2012 (Exh. "P") at 1. The Rule 32 court held that "Petitioner's claims are precluded under Ariz. R. Crim. P. 32.2(a)[,] and [he] shall not receive and evidentiary hearing." *Id.*

On October 23, 2012, Petitioner filed a Petition for Review with the Arizona Court of Appeals. Answer (Doc. 16), Pet.'s Pet. for Review 10/23/2012 (Exh. "Q"). Petitioner alleged ineffective assistance of appellate counsel in light of her failure to investigate 1) judicial bias; and 2) the revealing of his felony and custody status to the jury. *Id.*, Exh. "Q" at 5. Petitioner took issue with jury instructions issued by the trial court, as well as its evidentiary rulings. *Id.*, Exh. "Q" at 5–8. Petitioner asserted that these alleged errors resulted in "judicial bias." *Id.*, Exh. "Q" at 8–9. Petitioner further asserted that his due process rights were violated because of a witness referenced that he had been in jail. *Id.*, Exh. "Q" at 10–13.

On February 20, 2013, the Arizona Court of Appeals granted review of Petitioner's second PCR petition, but denied relief. *See* Answer (Doc. 16), Ariz. Ct. App., Mem. Decision 2/20/2013 (Exh. "R"). The appellate court held that "the trial court correctly concluded, Rimer's claims are precluded pursuant to Rule 32.2(a)." *Id.*, Exh.

- 14 -

"R" at 3.  The appellate court further stated that "although Rimer checked the box on the notice of post-conviction relief form indicating his claim was based on newly discovered evidence, an exception to preclusion under Rule 32.2(b), he did not present his claims as such, nor has he provided any reason why his claims should not be precluded."  *Id.*, Exh. "R" at 3.

On June 12, 2013, the Arizona Supreme Court denied review without comment. Answer (Doc. 16), Ariz. Supreme Ct. ME 6/12/2013 (Exh. "S"); *see also* Answer (Doc. 16), Ariz. Ct. App. Mandate 2/20/2013 (Exh. "T").

### D. The Instant Habeas Proceeding

On March 4, 2014, Petitioner filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1).  Petitioner claims four (4) grounds for relief.  First, Petitioner alleges ineffective assistance of trial counsel for counsel's alleged failure to 1) "raise the issue to sever [Petitioner's] case which should of [sic] never been under the clot [sic] of the RICO Act"; 2) "research the law"; 3) "fully investigate the facts of the case"; 4) "raise a possible defense to make a suppression motion"; 5) object to a clearly improper opening statement from the Prosecution"; and 6) "object to evidence that was Clearly [sic] Inadmissible [sic][.]" Petition (Doc. 1) at 6.  Second, Petitioner alleges prosecutorial misconduct in violation of the Sixth and Fourteenth Amendments.  *Id.* at 7.  Petitioner alleges that he "was place [sic] under Vindictive [sic] Prosecution [sic] due to the fact that I had exercised my constitutional [sic] rights."  *Id.*  Petitioner further alleges that his "two femal [sic] [co-]defendants were given allocution from prosecution if they would now become victims

which in turn lead to a [sic] that keep [sic] me from defending myself[.]" *Id.*  Petitioner asserts that his female co-defendants "made inconsistent statements when they became so-called victims." *Id.*  Third, Petitioner claims that his Fifth and Fourteenth Amendment rights were violated because "on March 12, 2009 . . . [he] was given a Polygraph [sic] test . . . [which] revealed physiological responses indicative of truthful answers proving my inosence [sic]."  Petition (Doc. 1) at 8.  Petitioner further alleged that "[t]he State Attorney would neither accept or review the results."  *Id.*  Fourth, Petitioner asserts a violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights based upon alleged "willful blindness."  *Id.* at 9.  Petitioner alleges that he did not have "process for obtaining witnesses in [his] favor no did [he] have proper assistance of counsel."  *Id.* Petitioner further alleges that this has resulted in "unusual and cruel time to serve as inflicted punishment."  *Id.*  On October 2, 2014, Respondents filed their Answer (Doc. 16).  Petitioner did not file a reply.

## II.  STANDARD OF REVIEW

### A.  *In General*

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States.*"  28 U.S.C. § 2254(a) (emphasis added).  Moreover, a petition for habeas corpus by a person in state custody:

shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).   Correcting errors of state law is not the province of federal habeas corpus relief.   *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).   Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'"   *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S.Ct. 2842, 2854, 168 L.Ed.2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)).   Furthermore, this standard is difficult to meet and highly deferential "for evaluating state-court rulings, [and] which demands that state-court decisions be given the benefit of the doubt."   *Pinholster*, 131 S.Ct. at 1398 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review.   *See* 28 U.S.C. § 2254.   The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."   *Burt v. Titlow*, — U.S. —, 134 S.Ct. 10, 16, 187 L.Ed.2d 348 (2013).   Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'"   *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)).

Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect. *Id.*, 550 U.S. at 473, 127 S.Ct. at 1939; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013). Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result. *See Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 134 S.Ct. at 10 (quoting *Harrington*, 562 U.S. at 103, 131 S.Ct. at 786–87) (alterations in original).

## B. Exhaustion of State Remedies

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A). This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982). As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed. 2d 64 (2004) (internal quotations omitted). Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the

enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518, 102 S.Ct. at 1203 (internal citations omitted).  This upholds the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure the question presented."  28 U.S.C. § 2254(c).  "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).  The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds).  Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court."

*Baldwin*, 541 U.S. at 29, 124 S.Ct. at 1349.   "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state."   *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies."   *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998).   Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review.   *Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

### C.  Procedural Default

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."   *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 650 (1991).   Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."   *Id.*, 501 U.S. at 728, 111 S.Ct. at 2254.   This is true whether the state law basis is substantive or procedural.   *Id.*

1
2
(citations omitted).  Such claims are considered procedurally barred from review.  *See*

3
*Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

4
        The Ninth Circuit Court of Appeals explained the difference between exhaustion

5
and procedural default as follows:

6
7
8
9
10
11
12
13
14
15
16
17
> The exhaustion doctrine applies when the state court has never been
> presented with an opportunity to consider a petitioner's claims and that
> opportunity may still be available to the petitioner under state law.  In
> contrast, the procedural default rule barring consideration of a federal claim
> applies only when a state court has been presented with the federal claim,
> but declined to reach the issue for procedural reasons, or if it is clear that
> the state court would hold the claim procedurally barred.  *Franklin v.
> Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and
> citations omitted).  Thus, in some circumstances, a petitioner's failure to
> exhaust a federal claim in state court may *cause* a procedural default.  *See
> Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*,
> 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if
> the petitioner failed to exhaust state remedies and the court to which the
> petitioner would be required to present his claims in order to meet the
> exhaustion requirement would now find the claims procedurally barred.'")
> (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546,
> 115 L.Ed.2d 640 (1991)).

18
*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005).  Thus, a prisoner's habeas

19
20
petition may be precluded from federal review due to procedural default in two ways.

21
First, where the petitioner presented his claims to the state court, which denied relief

22
based on independent and adequate state grounds.  *Coleman*, 501 U.S. at 728, 111 S.Ct.

23
at 2254.  Federal courts are prohibited from review in such cases because they have "no

24
25
power to review a state law determination that is sufficient to support the judgment,

26
resolution of any independent federal ground for the decision could not affect the

27
judgment and would therefore be advisory."  *Id.*  Second, where a "petitioner failed to

28
exhaust state remedies and the court to which the petitioner would be required to present

his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted). Thus, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quoting *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998)) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial

disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S.Ct. at 2648 (emphasis in original) (internal quotations omitted). Without a showing of both cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain review by the federal courts. *Id.*, 106 S.Ct. at 2649.

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982)).   "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrara v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)).  Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrara*, 506 U.S. at 404, 113 S.Ct. at 862.   Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."   28 U.S.C. § 2254(e)(2)(B).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any

previous collateral proceeding."  Ariz. R. Crim. P. 32.2(a)(3).  "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim."  *Id.*, 2002 cmt.  Neither Rule 32.2 nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver.  *See id.*; *see also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002).  The Ninth Circuit Court of Appeals recognized that this assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations."  *Cassett*, 406 F.3d at 622.

## III.    STATUTE OF LIMITATIONS

As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation.  *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002).  The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody.  28 U.S.C. § 2244(d)(1).  Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."   28 U.S.C. § 2244(d)(2). Respondents do not dispute the timeliness of Rimer's petition.   The Court has independently reviewed the record and finds that the Petition (Doc. 1) is timely pursuant to 28 U.S.C. § 2244(d)(1)(A).


IV.   **ANALYSIS**

   A.   *Ground One:  Ineffective Assistance of Counsel*

        **1.  Legal Standards**

   For cases which have been fairly presented to the State court, the Supreme Court elucidated a two part test for determining whether a defendant could prevail on a claim of ineffective assistance of counsel sufficient to overturn his conviction.  *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  First, Petitioner must show that counsel's performance was deficient.  *Id.* at 687, 104 S.Ct. at 2064.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  Second, Petitioner must show that this performance prejudiced his defense.  *Id.*  Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose

result is reliable." *Id.* Ultimately, whether or not counsel's performance was effective hinges on its reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065; *see also State v. Carver*, 160 Ariz. 167, 771 P.2d 1382 (1989) (adopting *Strickland* two-part test for ineffective assistance of counsel claims). The Sixth Amendment's guarantee of effective assistance is not meant to "improve the quality of legal representation," rather it is to ensure the fairness of trial. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. "Thus, '[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011) (quoting *Strickland*, 466 at 686) (emphasis and alteration in original).

"The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so[.]" *Harrington v. Richter*, 562 U.S. 86, 105, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011) (citations omitted). Judging counsel's performance must be made without the influence of hindsight. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As such, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). Without the requisite showing of either "deficient performance" or "sufficient prejudice," Petitioner cannot prevail on his ineffectiveness claim. *Strickland*, 466 U.S. at 700, 104 S.Ct. at 2071. "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable

argument that counsel satisfied *Strickland's* deferential standard." *Gentry v. Sinclair*, 705 F.3d 884, 899 (9th Cir. 2013) (quoting *Harrington*, 562 U.S. at 105, 131 S.Ct. at 788) (alterations in original). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington*, 562 U.S. at 104, 131 S.Ct. at 787 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). Accordingly, "[w]e apply the doubly deferential standard to review the state court's 'last reasoned decision.'" *Vega v. Ryan*, 757 F.3d 960, 966 (9th Cir. 2014) (citations omitted). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in 2254(d)(1) and (d)(2)." *Harrington*, 131 U.S. at 98, 131 S.Ct. at 784. As such, Petitioner also bears the burden of showing that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. *See Bell v. Cone*, 535 U.S. 685, 698–99, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002); *see also* 28 U.S.C. § 2254(d).

Additionally, "[a]s a general matter, each 'unrelated alleged instance [ ] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)) (alterations in original). This means "all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies." *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). This is "[b]ecause ineffective assistance claims are not fungible, but are instead highly fact-dependent, [requiring] some baseline explication of the facts relating to it[.]" *Id.* As such, "a petitioner who presented any ineffective assistance of counsel claim below

can[not] later add unrelated instances of counsel's ineffectiveness to that claim." *Id.* (citations and internal quotations omitted); *see also Date v. Schriro*, 619 F.Supp.2d 736, 788 (D. Ariz. 2008) ("Petitioner's assertion of a claim of ineffective assistance of counsel based on one set of facts, does not exhaust other claims of ineffective assistance based on different facts").

## 2.  Failure to Raise Severance

Petitioner claims that his trial counsel was ineffective for failing to raise the issue of having his case severed.  Petition (Doc. 1) at 6.  Respondents assert that Petitioner failed to exhaust this claim, because he did not present it to the Arizona Court of Appeals. Answer (Doc. 16) at 9.  The Court agrees with Respondent.

Petitioner failed to raise this claim in either of his *pro se* PCR petitions.  Answer (Doc. 16), Pet.'s *Pro Se* Pet. for PCR (Exh. "G") & Pet.'s Successive Pet. for PCR (Exh. "O").  Neither did Petitioner raise it to the Arizona Court of Appeals.  *See* Answer (Doc. 16), Pet. for Review 12/8/2011 (Exh. "I") & Pet. for Review 10/23/2012 (Exh. "Q").  "As a general matter, each 'unrelated alleged instance [ ] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion."  *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)) (alterations in original).  This means "all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies." *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007).

Accordingly, this claim is unexhausted and would now be precluded.  Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124

S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court").  Therefore, Petitioner's claim is procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).  Petitioner has not met his burden to show either cause or actual prejudice.  *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").  In fact, Plaintiff's counsel filed a pre-trial Motion to Sever Count One and Any Other Related Counts; Motion to Disqualify Pima County Attorney's Office.  *See* Answer (Doc. 16), Exh. "U."

As such, Petitioner's claim for ineffective assistance of counsel based on an

1    alleged failure to raise the issue of severance cannot stand.

2    ### 3. Failure to Research the Law

3

4    Petitioner claims that his trial counsel was ineffective for an alleged failure "to

5    research the law[.]"  Petition (Doc. 1) at 6.  Respondents assert that Petitioner failed to

6    exhaust this claim, because he did not present it to the Arizona Court of Appeals.

7    Answer (Doc. 16) at 9.  The Court agrees that this claim is unexhausted.

8

9    Petitioner arguably raised this claim in his initial *pro se* PCR petition.  *See* Answer

10   (Doc. 16), Pet.'s *Pro Se* Pet. for PCR (Exh. "G") at 25.  Petitioner alleged that trial

11   counsel "failed to adequately research the Arizona RICO statute (A.R.S. § 13-2312) for

12   the basic understanding in dealing with this alleged offense to provide a meaningful

13   defense."  *Id.*, Exh. "G" at 25.  Petitioner did not, however, raise this claim to the Arizona

14   Court of Appeals.  *See* Answer (Doc. 16), Pet. for Review 12/8/2011 (Exh. "I").

15

16   Accordingly, this claim is unexhausted and would now be precluded.  Ariz. R.

17   Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124

18   S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the

19   prisoner must do so "in each appropriate state court").  Therefore, Petitioner's claim is

20   procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546,

21   2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the

22   court to which the petitioner would be required to present his claims in order to meet the

23   exhaustion requirement would now find the claims procedurally barred").

24

25   Where a habeas petitioner's claims have been procedurally defaulted, the federal

26   courts are prohibited from subsequent review unless the petitioner can show cause and

27

28

actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").

As such, Petitioner's claim for ineffective assistance of counsel based on an alleged failure to research the law cannot stand.

### 4.  Failure to Fully Investigate the Facts

Petitioner claims that his trial counsel was ineffective for allegedly failing "to fully investigate the facts of the case[.]"  Petition (Doc. 1) at 6.  Respondent asserts that Petitioner properly exhausted this claim.  Answer (Doc. 23) at 10.  The Court agrees and finds this claim exhausted.

Liberally construed, Petitioner arguably raised this claim in his initial *pro se* PCR petition.  *See* Answer (Doc. 16), Pet.'s *Pro Se* Pet. for PCR (Exh. "G") at 17–22, 26. Petitioner then reiterated that his trial counsel "failed to properly investigate and expose adequately the perjurious trial testimony of [M.K.]"  Answer (Doc. 16), Pet. for Review

12/8/2011 (Exh. "I") at 9.   The Arizona Court of Appeals stated that "[w]ithout explanation or citation to the record, [Petitioner] argues his trial counsel failed to adequately 'expose[] this perjurious testimony.'"   Answer (Doc. 16), Ariz. Ct. App. Mem. Decision 3/12/2012 (Exh. "J") at 5 (alterations in original).   The court of appeals went on to hold that "[t]his unsupported assertion is insufficient to establish a colorable claim of ineffective assistance of counsel." *Id.*, Exh. "J" at 5 (citing *State v. Meeker*, 143 Ariz. 256, 264, 693 P.2d 911, 919 (1984); Ariz. R. Crim. P. 32.9(c)(1); *State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995)).

Petitioner has failed to present any evidence to show that the Arizona court's decision regarding his ineffective assistance claim is contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts.   As such, this Court finds that the Arizona courts did not unreasonably apply clearly established Federal law or unreasonably determine the facts in light of the evidence presented, and Petitioner cannot meet his burden to show prejudice. *See Gulbrandson*, 738 F.3d at 991.   "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[;] . . . [however,] [b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).   Accordingly, Petitioner's ineffective assistance of counsel claim regarding an alleged failure to investigate the facts of the case is without merit.

. . .

1

**5.  Suppression Motion**

Petitioner claims that his trial counsel was ineffective for allegedly failing "to raise a possible defense to make a suppression motion[.]"  Petition (Doc. 1) at 6.  Respondents assert that Petitioner failed to exhaust this claim, because he did not present it to the Arizona Court of Appeals.  Answer (Doc. 16) at 9.  The Court agrees with Respondent.

Petitioner failed to raise this claim in either of his *pro se* PCR petitions.  *See* Answer (Doc. 16), Pet.'s *Pro Se* Pet. for PCR (Exh. "G") & Pet.'s Successive Pet. for PCR (Exh. "O").  Neither did Petitioner raise it to the Arizona Court of Appeals.  *See* Answer (Doc. 16), Pet. for Review 12/8/2011 (Exh. "I") & Pet. for Review 10/23/2012 (Exh. "Q").  "[A]ll operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies."  *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007).

Accordingly, this claim is unexhausted and would now be precluded.  Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court").  Therefore, Petitioner's claim is procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and

actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).  Petitioner has not met his burden to show either cause or actual prejudice.  *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").

As such, Petitioner's claim for ineffective assistance of counsel based on an alleged failure to file a suppression motion cannot stand.

### 6.  No Objection to Opening Statement

Petitioner claims that his trial counsel was ineffective for allegedly failing "to object to a clearly improper opening statement from the Prosecution."  Petition (Doc. 1) at 6.  Respondents assert that Petitioner "did not 'fairly present' [this claim] to the Arizona Court of Appeals" and it is therefore unexhausted.  *See* Answer (Doc. 23).  The Court agrees, and finds this claim to be unexhausted.

Petitioner failed to raise this claim in either of his *pro se* PCR petitions.  *See* Answer (Doc. 16), Pet.'s *Pro Se* Pet. for PCR (Exh. "G") & Pet.'s Successive Pet. for PCR (Exh. "O").  Neither did Petitioner raise it to the Arizona Court of Appeals.  *See*

Answer (Doc. 16), Pet. for Review 12/8/2011 (Exh. "I") & Pet. for Review 10/23/2012 (Exh. "Q"). "[A]ll operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies." *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007).

Accordingly, this claim is unexhausted and would now be precluded. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also*

1
2
3
4

*Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").

5
6
7
8

As such, Petitioner's claim for ineffective assistance of counsel based on an alleged failure to object to the prosecution's Opening Statement is without merit.

**7.  Inadmissible Evidence**

9
10
11
12
13

Petitioner claims that his trial counsel was ineffective for allegedly failing "to object to evidence that was clearly inadmissible[.]"  Petition (Doc. 1) at 6.  Respondents assert that Petitioner failed to exhaust this claim.  Answer (Doc. 16) at 9.  The Court agrees that this claim is unexhausted.

14
15
16
17
18
19
20
21
22

Petitioner failed to raise this claim in either of his *pro se* PCR petitions.  *See* Answer (Doc. 16), Pet.'s *Pro Se* Pet. for PCR (Exh. "G") & Pet.'s Successive Pet. for PCR (Exh. "O").  Neither did Petitioner raise it to the Arizona Court of Appeals.  *See* Answer (Doc. 16), Pet. for Review 12/8/2011 (Exh. "I") & Pet. for Review 10/23/2012 (Exh. "Q").  "[A]ll operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies."  *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007).

23
24
25
26
27
28

Accordingly, this claim is unexhausted and would now be precluded.  Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court").  Therefore, Petitioner's claim is procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546,

2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").

As such, Petitioner's claim for ineffective assistance of counsel based on an alleged failure to object to certain evidence cannot stand.

### B.     Ground Two:  Prosecutorial Misconduct

Petitioner asserts that he suffered "vindictive prosecution due to the fact that [he] had exercised [his] constitutional rights."   Petition (Doc. 1) at 7.   Petitioner further alleged that the prosecution acted improperly by allowing the two female co-defendants

1 to "become victims" thereby preventing Petitioner "from defending [him]self" and

2 resulting in "a perverse verdict." *Id.* Petitioner also takes issue with his female co-

3 defendants allegedly inconsistent statements as a result of becoming victims. *Id.*

4 Respondents assert that Petitioner failed to raise these claims to the state court, thereby

5 only technically exhausting these claims. Answer (Doc. 16) at 9. The Court disagrees

6 and finds these claims exhausted; however, as discussed, *infra*, the claims are

7

8 procedurally defaulted.

9

10         Broadly construed, Petitioner raised these claims in his direct appeal. *See* Answer

11 (Doc. 16), Appellant's Opening Br. 4/1/2010 (Exh. "B") at 41–44. Petitioner asserted

12 that the Pima County Attorney's office should have been disqualified because W.H. and

13 M.K. were "co-conspirators on some counts and that [M.K.] was a victim in other

14 counts[,]" thereby violating "fundamental fairness in a manner shocking to the universal

15 sense of justice." *Id.* at 44. The court of appeals found that "Rimer has failed to offer

16 any apposite or persuasive authority demonstrating the trial court abused its discretion in

17

18 denying his motion to disqualify the county attorney's office from prosecuting his case

19 based on W.H.'s and M.K.'s status as both victims and co-conspirators." Answer (Doc.

20 16), Ariz. Ct. of Appeals, Memorandum Decision 1/7/2011 (Exh. "A") at 3. The

21 appellate court held that "[n]either the statutes granting rights to victims nor the cases

22 upon which Rimer relies support his position and, to the extent they are applicable here,

23 they instead inform a contrary conclusion." *Id.* (citing A.R.S. §§ 13-4401 through 13-

24

25 4440; *State ex rel. Romley v. Superior Court*, 181 Ariz. 378, 381–83, 891 P.2d 246, 249–

26 51 (Ct. App. 1995); *Villalpando v. Reagan*, 211 Ariz. 305, 308 1221 P.3d 172, 175 (Ct.

27

28

App. 2005); *Bicas v. Superior Court*, 116 Ariz. 69, 74, 567 P.2d 1198, 1203 (Ct. App. 1977)).  The court of appeals concluded that the trial court "did not abuse its discretion in denying Rimer's motion to disqualify the Pima County Attorney's Office."  *Id.*, Exh. "A" at 4.

Petitioner's claims regarding prosecutorial misconduct as it relates to his female co-defendants/victims have been procedurally defaulted.  Petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *See Coleman v. Thompson*, 501 U.S. 722, 728, 111 S.Ct. 2546, 2254, 115 L.Ed.2d 640 (1991).  Accordingly, this Court has "no power to review a state law determination that is sufficient to support the judgment, [and] resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory."  *Id.*

Therefore, Petitioner's claims regarding allegedly vindictive prosecution or his female co-defendants as victims cannot stand.

## C.    Ground Three: Polygraph Test

Petitioner asserts that he "was given a polygraph test  . . . [which] revealed physiological responses indicative to truthful answers proving my inosence [sic] to the charge brough [sic] forth."  Petition (Doc. 1) at 8.  Petitioner acknowledged that "[t]he State of Arizona does not reconkize [sic] the use of polygraphs but the federal courts do." *Id.*  Respondents assert that Petitioner raised this claim in state court, and as such, it is precluded from review.  Answer (Doc. 16) at 10.

Petitioner failed to raise this claim on direct appeal or in either of his *pro se* PCR petitions.  *See* Answer (Doc. 16), Appellant's Opening Br. (Exh. "B") & Pet.'s *Pro Se*

Pet. for PCR (Exh. "G") & Pet.'s Successive Pet. for PCR (Exh. "O").   Neither did

Petitioner raise it to the Arizona Court of Appeals.   *See* Answer (Doc. 16), Pet. for

Review 12/8/2011 (Exh. "I") & Pet. for Review 10/23/2012 (Exh. "Q").

　　　Accordingly, this claim is unexhausted and would now be precluded.   Ariz. R.

Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124

S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the

prisoner must do so "in each appropriate state court").   Therefore, Petitioner's claim is

procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546,

2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the

court to which the petitioner would be required to present his claims in order to meet the

exhaustion requirement would now find the claims procedurally barred").

　　　Where a habeas petitioner's claims have been procedurally defaulted, the federal

courts are prohibited from subsequent review unless the petitioner can show cause and

actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068,

103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding

barred federal habeas review unless petitioner demonstrated cause and prejudice).

Petitioner has not met his burden to show either cause or actual prejudice.   *Murray v.

Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner

"must show not merely that the errors . . . created a *possibility* of prejudice, but that they

worked to his *actual* and substantial disadvantage, infecting his entire trial with error of

constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also

Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer

any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'"  *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982)).  "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'"  *Herrara v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)).  Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Herrara*, 506 U.S. at 404, 113 S.Ct. at 862.  Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."  28 U.S.C. § 2254(e)(2)(B).

It is well established law that "all references to polygraph tests, absent stipulation, are inadmissible for any purpose in Arizona.  *State v. Hoskins*, 199 Ariz. 127, 144, 14 P.3d 997, 1014 (2000).  Petitioner concedes that this is the law.  Petition (Doc. 1) at 8.  The Supreme Court of the United States has held that a *per se* rule excluding all

polygraph evidence does not abridge a defendant's constitutional rights. *United States v. Scheffer*, 523 U.S. 303, 309–17, 118 S.Ct. 1261, 1264–69, 140 L.Ed.2d 413 (1998). Furthermore, Petitioner failed to submit any evidence, beyond a bald assertion, that his polygraph test was favorable to him. *See id.* Finally, Petitioner seeks habeas review of this issue as a standalone claim; however, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrara*, 506 U.S. at 404, 113 S.Ct. at 862.   As such, Petitioner's claim regarding an alleged favorable polygraph test cannot stand.

### D.   Ground Four: Willful Blindness

Petitioner asserts that "[b]ecause of the charges that have been brough [sic] against me I have been deprived of life, liberty without proper due process of the law[.]"  Petition (Doc. 1) at 9.  Petitioner further complains of the process "for obtaining witnesses in [his] favor" and the lack of "proper assistance of counsel for [his] defense."  *Id.*   Finally, Petitioner asserts that he has "unusual and cruel time to serve as inflicted punishment." *Id.*  Respondents assert that this is the first time Petitioner has raised this claim.  Answer (Doc. 16) at 10.

A review of the record indicates that Petitioner did not raise this claim to the state courts.  *See* Answer (Doc. 16), Appellant's Opening Br. (Exh. "B") & Pet.'s *Pro Se* Pet. for PCR (Exh. "G") & Pet.'s Successive Pet. for PCR (Exh. "O").  As discussed in Section II., *supra*, prior to bringing a claim to federal court, a habeas petitioner must present all claims first to the state court.  Because Petitioner did not fairly present this

claim to the state courts, it is unexhausted and procedurally defaulted.  Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *Coleman*, 501 U.S. at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).  Petitioner has not met his burden to show either cause or actual prejudice.  *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").  Furthermore, "[c]onclusory allegations which are not supported by a statement of specific facts do no warrant habeas relief." *James v. Borg*, 24 F.2d 20, 26 (9th Cir. 1994) (citations omitted).  As such, Petitioner's claims as alleged in Ground Four cannot stand.

### E.     Conclusion

In light of the foregoing, the Court finds that Petitioner's habeas claims are without merit, and the Petition (Doc. 1) shall be denied.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.    RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order DENYING Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1);

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  No replies shall be filed unless leave is granted from the District Court.  If objections are filed, the parties should use the following case number:  **CV-14-01930-TUC-RCC**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.  The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 3rd day of February, 2017.

Honorable Bruce G. Macdonald
United States Magistrate Judge