# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ignacio Esteban Rimer,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-14-01930-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Petitioner Ignacio Esteban Rimer's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1), Magistrate Judge Macdonald's Report and Recommendation ("R&R") (Doc. 21), Petitioner's objections (Doc. 26) and Respondents' response to the objections (Doc. 27). Petitioner did not file a reply. The R&R is ripe for review. For the following reasons, this Court shall overrule Petitioner's objections and deny the petition.

**I. Background**

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Macdonald's R&R. The Court fully incorporates the "Factual and Procedural Background" section of the R&R into this Order.

**II. Legal Standard**

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or

return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R & R de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). A failure to raise an objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id*. (internal citations omitted).

**III. Discussion**

Petitioner has several objections. First, Petitioner "generally objects to [the R&R's] assertion that his claims are without merit." Doc. 26 at 1. However, a "general objection to the entirety of a magistrate's report has the same effect as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). Thus, this objection is overruled because it has the same effect as failing to object.

Petitioner's remaining objections rely on the same false premise: that he raised the relevant federal constitutional claim in the state courts. First, Petitioner claims that his trial counsel was ineffective for failing to raise the issue of having his case severed. However, Petitioner neither raised this claim in his *pro se* PCR petitions nor did he raise it to the Arizona Court of Appeals. "[A]ll operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies." *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). After reviewing

the Petitioner's pleadings in state court, it is clear that Petitioner did not raise an ineffective assistance of counsel claim. Thus, Magistrate Judge Macdonald's holding that this claim is procedurally barred is correct and the Court will overrule Petitioner's objection.

Petitioner's second and third objections also assume that he raised the claims in state court. However, the record indicates that he did not. Because Petitioner did not raise his objections in his state court proceedings, the claims are procedurally barred. *See Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305-06 (9th Cir. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Macdonald's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law by this Court.

**IT IS FURTHER ORDERED** that Petitioner Ignacio Esteban Rimer's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) is **denied.** Doc. 1.

**IT IS FURTHER ORDERED** that Plaintiff's request for an evidentiary hearing is **denied.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close the case.

Dated this 17th day of May, 2017.

Raner C. Collins
Chief United States District Judge